UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**SUSAN K. GAUVEY**
**U.S. MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

August 1, 2005

Howard B. Hoffman, Esq.
1370 Piccard Drive
Suite 250
Rockville, MD 20850

Blaine M. Kolker, Esq.
1120 St. Paul Street
Suite 2 North
Baltimore, MD 21202-6428

Lon C. Engel, Esq.
11 E. Lexington Street
Suite 200
Baltimore, MD 21202

John A. Austin, Esq.
29 W. Susquehanna Avenue
Suite 200
Towson, MD 21204

    **Re:  Jennifer Sabol v. Glenn Brooks, et al.**
         **Civil No. MJG-04-0508**

Dear Counsel:

    Presently pending before the Court are two motions by plaintiff Jennifer Sabol.  In her motion to compel, plaintiff seeks complete responses to Interrogatory No. 10 and Request for Production No. 17 from defendant Access One Mortgage Group, Inc. ("Access One").  (Paper No. 42.)  In her motion for sanctions, plaintiff asks for _inter_ _alia_ attorney's fees and costs or the reopening of discovery due to defendant's failure to produce a properly prepared corporate designee at deposition.  (Paper No. 41.)  Defendant Access One opposes both motions.  (Paper Nos. 44, 45.)  A telephonic hearing was

held on July 26, 2005.

The Court GRANTS the motion to compel and orders that defendant Access One provide the names and addresses of employees from 2002 until the company ceased operations some time in 2004 by Friday, July 29, 2005.  As the language of the original interrogatory indicates, the list of employees includes only those who were employed as "exempt" loan officers.  The Court acknowledges that the defendant has in fact complied with Request No. 17 and has sent a copy of an updated employee handbook to the plaintiff, but after the due date.

The Court GRANTS the motion for sanctions IN PART and orders discovery to be reopened for a deposition of Access One's corporate designee limited to no more than four (4) hours and to be completed by September 1, 2005.  Defendant's original designee was not properly prepared for deposition and its new designee shall be prepared to testify as to all the topics in the original Fed. R. Civ. P. 30(b)(6) deposition notice as well as information in the newly produced documents (updated employee handbook and employee list).

Finally, based on the local Rules and Guidelines for Determining Lodestar Attorneys' Fees, the Court awards 3 hours of plaintiff's counsel's time at his hourly rate of $200 for a total of $600, as the Court did not find defendant's position in these discovery disputes "substantially justified" and does not find the award of expenses unjust under the circumstances. This amount represents the extra expense that plaintiff's counsel shall incur in redeposition of the corporate designee on previously identified topics and the improperly withheld discovery.  A larger award would have been justified in light of the expense incurred in the preparation of the motions and supporting memoranda and argument.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                          Sincerely yours,

                                          /s/

                                          Susan K. Gauvey
                                          United States Magistrate Judge