UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

November 3, 2005

Howard B. Hoffman, Esq.
1370 Piccard Drive
Suite 250
Rockville, MD 20850

Blaine M. Kolker, Esq.
1120 St. Paul Street
Suite 2 North
Baltimore, MD 21202-6428

Lon C. Engel, Esq.
11 E. Lexington Street
Suite 200
Baltimore, MD 21202

John A. Austin, Esq.
29 W. Susquehanna Avenue
Suite 200
Towson, MD 21204

**Re:  Jennifer Sabol v. Glenn Brooks, et al.
      Civil No. MJG-04-0508**

Dear Counsel:

Presently pending before the Court is the motion for sanctions brought by plaintiffs Jennifer Sabol and Charles Sabol. (Paper No. 58). Defendant Access One opposes the motion. (Paper No. 59). Under Local Rule 105.6, no hearing is necessary.

On August 1, 2005, the Court GRANTED in part the plaintiff's motion for sanctions and ordered discovery to be reopened for a deposition of Defendant Access One's corporate deposition for no more than four hours. (Paper No. 59 at Exhibit B). The designee was ordered to be prepared to testify as to all topics in the original 30(b)(6) notice, as well as information in the newly produced documents (updated employee handbook and employee

lists). (Id.)[1]

On September 1, 2005, a corporate designee deposition was reconvened, pursuant to a sanctions order by Magistrate Judge Gauvey. At the deposition, Defendant Hapney appeared as Defendant Access One's corporate designee. During the deposition, Mr. Austin, counsel for defendants instructed Mr. Hapney to refuse to answer questions relating to the following topics: (1) the status of litigation between Defendant Brooks and Defendant Hapney; and (2) regarding the status of Defendant Hapney's current employment.

On October 3, 2005, plaintiffs filed the motion for sanctions, alleging that Mr. Austin's instructions to his client were improper, and therefore Rule 37(b)(2) sanctions should be granted. (Paper No. 58).

Defendants filed an answer in opposition to plaintiff's motion for sanctions, or in the alternative, motion to strike, (Paper No. 59), arguing that: (1) the questions were improper, because the questions were beyond the scope of the deposition notice and beyond the limited scope of Judge Gauvey's Memorandum Order; (2) the questions were improper as discovery was terminated and the plaintiffs did not ask leave of the Court to depose Mr. Austin personally; and (3) plaintiff's counsel failed to follow the procedural requirements of Local Rule 104. Consequently, plaintiffs are acting with unclean hands, and no sanctions are appropriate. (Id.)

Under Local Rule 104.7, "counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court." See also Berman v. Congressional Towers Ltd. – Section I, 325 F.Supp.2d 590, 595 (D. Md. 2004) (upholding magistrate

---

[1] Under the original Rule 30(b)(6) notice, the plaintiffs stated the deponent should be the corporate designee for the following topics: "(1) the employment benefit practices of Defendant Access One Mortgage Group... (2) the amount of time, if any, the Plaintiffs spent performing non-work activities or pursuits; and (3) the compensation paid to the Plaintiffs for each week of their tenure." (Paper No. 59 at Exhibit A).

judge's denial of motions for sanctions when the motion was not in compliance with Local Rule 104.7 and given the severity of the remedy sought and the conduct of the parties, sanctions were not appropriate); Coogan v. Coronet Transp. Co., 199 F.R.D. 166, 166 (D. Md. 2001) ("The Court previously denied Plaintiff's Second Motion to Compel Disclosure and Discovery because they failed to comply with Local Rule 104.7.").[2]  Plaintiffs failed to file the required Rule 104.7 certificate, so their motion will be denied.

However, even if the plaintiffs filed the requisite Rule 104.7 certification, the motion for sanctions would have been denied.  While there is no precedent in the Fourth Circuit, most courts that have examined the issue have found that at a Rule 30(b)(6) deposition, parties may be asked relevant questions outside the scope of the Rule 30(b)(6) notice.  King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1995).  See also Overseas Private Inv. Corp. v. Mandelbaum, 185 F.R.D. 67, 68 (D.D. C. 1999); Cabot Corp. v. Yamulla Enterprises, 194 F.R.D. 499, 500 (M.D. Pa. 2000).  The purpose of a deposition notice is to ensure a representative is present who is qualified to discuss the topics at issue.  Thus, the deposition notice sets the minimum boundaries to be discussed.  Detoy v. City and Cnty of San Francisco, et al., 196 F.R.D 362, 367 (N.D. Cal. 2000).  If the deponent's attorney objects to a question, he should state the objection for the record and the witness shall answer the question, to the best of his ability.  Id.  While in Paparelli v. Prudential Ins., 108 F.R.D. 727, 730 (D. Mass. 1985), the Court found that a deponent must confine its examination to matters stated with reasonable particularity in the Deposition Notice.  Other courts refused to follow the decision, because it fails to follow the liberal discovery requirements of Rule 26(b)(1).  See Detoy v. City and Cnty of San Francisco, et al., 196 F.R.D 362, 367 (N.D. Cal. 2000); Cabot Corp. v. Yamulla Enterprises, 194 F.R.D. 499, 500 (M.D. Pa. 2000).

If plaintiffs' questions merely fell outside of the scope of the Rule 30(b)(6) Notice, defendants' response might have been improper.  However, the deposition was reopened by order of the Court for a limited purpose only, after discovery had concluded.  Clearly, the status of the defendant Hapney's employment or the

---

[2] In addition, the defendants allege that plaintiffs failed to comply with Rule 104(8)(a), regarding the proper procedure for filing a motion to compel.  The Local Rules clearly state that the procedures shall not govern motions to compel answers to deposition questions. Local Rule 104(8). While 104.7 is applicable by its terms to the motion for sanctions, Local Rule 104.8 is not.

status of outside litigation falls outside of the deposition's limited purpose.  Thus, regardless of whether the information was relevant, Mr. Austin acted appropriately in directing his client to not answer the questions.  While on September 26, 2005 (weeks after the corporate designee deposition) Judge Garbis reopened discovery, at the time Mr. Austin's objections were well-founded.  Now, of course, plaintiffs may pose questions to Mr. Hapney in his individual capacity to discover the information.

    For all these reasons, the motion is denied.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                Sincerely yours,

                                /s/

                                Susan K. Gauvey
                                United States Magistrate Judge

cc:   Court file