**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JENNIFER SABOL, ET AL** | * | |
| Plaintiff/ Judgment Creditor | * | **CIVIL ACTION NO.: MJG-04-508** |
| v. | * | |
| **GLENN BROOKS, ET AL SYSTEMS, INC.** | * | |
| | * | |
| Defendant/ Judgment Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before me is the motion of consolidated Judgment Creditors Jennifer Anderson (nee Sabol) and Edwin Sabol[1] requesting an order directing a non-party, Synergy Mortgage Corporation ("Synergy"), to appear for an examination in aid of judgment enforcement pursuant to Rule 69 of the Federal Rules of Civil Procedure, incorporating Maryland Rule 2-633. This order resolves Paper Nos. 107, 111, 112, 113 and 114.

Ms. Anderson prevailed in an action against her former employer, Access One Mortgage Group, Inc. ("Access One") and its former owner, Glenn Brooks, brought under the Fair Labor Standards Act. Ms. Anderson now seeks to enforce that judgment under Rule 69(a), which provides that,

> proceedings supplementary to and in aid of a judgment ... shall be in accordance with the practice and procedure of the state in which the district court is held ... <u>except that any statue of the United States governs to the extent that it is applicable</u>.

---

[1] The Court will hereinafter refer to Ms. Anderson on behalf of both judgment creditors.

FED. R. CIV. P. 69(a)(emphasis added). As the language of the Rule indicates, a federal court's authority to apply state law procedures when enforcing a judgment is limited by any conflicting Federal statute that may apply.  For this reason, a federal court may use a hybrid of federal and state law when proceeding under Rule 69, provided there is substantial compliance with the state law.  *United States for the use and benefit of Global Bldg. Supply v. Harkins Builders, Inc.*, 45 F.3d 830, 833 (4th Cir. 1995)(citing 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3012, at 69 (1973). *See also Travelers Indemnity v. Hash Mgmt.*, 173 F.R.D. 150, 153 (M.D.N.C. 1997).

In accordance with Rule 69, Ms. Anderson has initiated supplementary proceedings in aid of enforcement under Maryland Rule 2-633, which states,

> On request of a judgment creditor ... the court where the judgment was entered or recorded may issue an order requiring the appearance for examination under oath before a judge or examiner of (1) the judgment debtor; or (2) any other person if the court is satisfied by affidavit or other proof that it is probable that the person has property of the judgment debtor, is indebted for a sum certain to the judgment debtor, or has knowledge of any concealment, fraudulent transfer, or withholding of assets belonging to the judgment debtor.

Md. Rule 2-633 (emphasis added). Ms. Anderson asks this Court to subpoena Synergy to appear for an examination under Md. Rule 2-633 for the purpose of determining "whether [Synergy] is a legal successor of Defendant Access One." Judg. Cred. Mot. at 2, 7.

The issue before me is whether Synergy, as a non-party, can be subpoenaed to appear for an examination in this Court pursuant to Maryland Rule 2-633.  Synergy opposes Ms. Anderson's motion on both procedural and substantive grounds. First, Synergy argues it is not subject to the Court's subpoena power under Rule 45(b) because it is a New Jersey corporation with its primary place of business in Waco, Texas. Synergy Resp. at 3. Although it once conducted business here,

2

Synergy has not operated a branch office in the State of Maryland since July 2006, nor does it conduct business within 100 miles of this Court. *Id*. at 4.  Synergy does, however, maintain a resident agent in the state.

Ms. Anderson argues that Rule 45 does not apply because the Court must apply Maryland Rule 2-633, which contains no express territorial limit on the Court's ability to subpoena a third party to appear for an examination as permitted by that rule. Judg. Cred. Reply at 3. In the alternative, Ms. Anderson argues that Synergy is subject to the Court's subpoena power because it has a resident agent designated to accept service within the state. *Id*. at 3-4.

As a preliminary matter, the Federal Rules of Civil Procedure are a federal statute for the purposes of Rule 69(a).  *Travelers Indemnity*, 173 F.R.D. at 153 (citing *Schneider v. National R.R. Passenger Corp.*, 72 F.3d 17, 19 (2d Cir. 1995)).  Accordingly, the federal rules take precedence over conflicting state law. *Id*.  Regardless of the geographic restrictions, or lack thereof, contained in Maryland Rule 2-633, this Court's ability to apply the enforcement procedures established by that rule, including its ability to subpoena a non-party to appear for an examination, therefore is subject to the geographic limitations contained in Rule 45.

Under Rule 45, there are two issues associated with Ms. Anderson's request to subpoena Synergy, given the fact that Synergy no longer conducts business within this State: (1) whether Synergy is subject to service of a subpoena from this Court; and (2) whether this Court properly can subpoena a Synergy representative who is located more than 100 miles away to appear in this jurisdiction.  First, because Synergy maintains a resident agent in the State of Maryland, I find that it is subject to service of a subpoena within 100 miles of the Court, as required by Rule 45(b). Synergy, however, is a non-party that does not regularly conduct business within this state or

3

within 100 miles of this Court. In addition to its service requirements, Rule 45 prevents the court from requiring a non-party or an officer of a non-party to travel over 100 miles from that party's place of employment. Fed. R. Civ. P. 45(c)(3)(A) and 45(e). *See also Estate of Yaron Ungar v. The Palestinian Auth.*, 451 F.Supp.2d 607, 611 (S.D.N.Y. 2006)("Rule 45(e) specifically recognizes that obedience to an otherwise lawful subpoena will be excused if the subpoena violates the 100 mile rule.")  This 100 mile limit protects an out of state non-party from the undue burden and expense of traveling over 100 miles to a proceeding to which it is not a party. Maryland Rule 2-633 also contains protections for non-parties by requiring proof that the non-party bears a probable relation to the judgment debtor and the enforcement action before the court may order attendance at an examination. Md. Rule 2-633(b).

At this stage of the supplementary proceeding, I do not believe that Ms. Anderson has provided sufficient evidence to demonstrate that Synergy is a successor in interest, or a probable successor in interest, of Access One.  Moreover, as Ms. Anderson's motion implicitly acknowledges, even if Synergy did have such a relationship with the Judgment Debtor, it still is not a party to this case absent a motion for successorship joinder under Rule 25(c), which I find would be required for the purposes of subpoenaing a representative of Synergy to appear in this Court under Rule 45.

Although this Court cannot subpoena a representative to appear on behalf of Synergy at this time, Ms. Anderson is entitled to other forms of discovery for the limited purposes of determining whether a successorship relationship exists between Access One and Synergy and filing a corresponding motion under Rule 25(c). FED. R. CIV. P. 69(a)("the judgment creditor ... may obtain discovery from any person ... in the manner provided in these rules or in the manner

provided by the practice of the state in which the district court is held.") Maryland Rule 2-633(a) also permits a judgment creditor to obtain discovery in aid of enforcement through depositions, interrogatories, and requests for documents. Md. Rule 2-633(b). Accordingly, Ms. Anderson is entitled to take the deposition of a Synergy representative; however, if she chooses to do so, she will be required to obtain a subpoena from the court sitting in that jurisdiction pursuant to Rules 30 and 45. *Cf. Guthrie v. American Broadcasting Companies, Inc*., 773 F.2d 634, 637 (4th Cir. 1984).

Ms. Anderson may also request documents from Synergy, and may do so using a subpoena issued by this Court because, under Rule 45(a)(2), a person subject to a subpoena can be required to produce materials in that person's possession regardless of where the materials are located. *See* Fed. R. Civ. P. 45, Comm. Notes, 1991 Amend. Sub (a). Accordingly, Synergy would be subject to a subpoena *duces tecum* for documents served on its resident agent in Maryland.

Ms. Anderson already has served document requests on Synergy, which it claims are "overly broad, vague and seek information not reasonably calculated to lead to the discovery of admissible evidence." Synergy Resp. at 9. Synergy also objected to producing certain documents because they contained confidential information regarding Synergy customers. *Id*. Although a non-party in this case, Synergy is subject to the same obligations and scope of discovery under Rule 45 as if it were a party proceeding under Rule 34. FED. R. CIV. P. 45, Comm. Notes, 1991 Amend. Sub (a). Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections. *Marens v. Carrabba's Italian Grill*, 196 F.R.D. 35 (D. Md. 2000); *Thompson v. HUD*, 199 F.R.D. 168 (D.Md. 2001); *Hall v. Sullivan*, 231 F.R.D. 468

(D.Md. 2005). Unfortunately, Synergy did not particularize its objections to these requests, and instead used the boilerplate objections that this Court repeatedly has warned against, thereby waiving its objections.

Although this is the case, Ms. Anderson's request for "all documents concerning the operation of the Nottingham net branch of Synergy Mortgage Corp." (Judg. Cred. Reply at 15) is so overbroad on its face that wholesale waiver would be unfair. Instead, I will order Synergy to produce for Ms. Anderson's review all non-privileged documents in its possession, custody or control relating to whether Synergy is a successor in interest to Access One.  Further, the parties will be ordered to negotiate a confidentiality agreement regarding any potentially confidential customer information disclosed during this process.  Ms. Anderson and Synergy are to negotiate this agreement within fifteen (15) days of the entry of the accompanying order, and Synergy will be ordered to produce the documents requested  within thirty (30) days thereafter.

To summarize, because Synergy is not a party to this case, this Court does not have the authority, under Rule 45, to subpoena a Synergy representative to appear for an examination in aid of enforcement pursuant to Md. Rule 2-633.  Ms. Anderson is, however, entitled to other forms of discovery under both Rule 45 and Md. Rule 2-633, including requests for the production of documents.

\_\_\_\_/S/\_\_\_\_\_
Paul W. Grimm
United States Magistrate Judge

kmw